FT. SMITH & W. RY. CO. et al. v. BARTELL.

No. 23542.   Sept. 18, 1934.

Rehearing Denied Oct. 23, 1934.

Miley, Hoffman, Williams & France, for plaintiffs in error.

Wright & Wright, for defendant in error.

PER CURIAM. In going into Oklahoma City, the defendant Fort Smith & Western Railway Company runs its trains over the tracks of the defendant Missouri, Kansas & Texas Railway Company. Just outside the city limits of Oklahoma City, there is a small piece of right of way which is unfenced. On the 14th day of July, 1930, a mare belonging to D. L. Bartell was killed by the train of the Fort Smith & Western Railway Company at or near this point, and this action was brought by Bartell in the court of one of the justices of the peace of Oklahoma county for damages for her death in the sum of $200. It was alleged in the bill of particulars that the accident was caused by the mare getting on the railroad track at this unfenced point. The plaintiff recovered judgment in the court of the justice of the peace, and the case was appealed to the district court. When the case came on for trial in the district court, a jury was waived and judgment was again rendered in favor of the plaintiff, and the defendant railroad companies have appealed to this court.

This action was brought under section 11969, Okla. Stats. 1931, which provides as follows:

"Whenever any railroad corporation * * * shall neglect to build and maintain such lawful fence, such railroad corporation * * * shall be liable for all animals killed by reason of the failure to construct such fence."

It is the uncontradicted evidence that the small piece of ground referred to was unfenced and that the mare was killed on the defendants' tracks by a Fort Smith & Western train, and the sole question presented by this appeal is whether there was any evidence to support the judgment of the trial court.

No one saw the mare go onto the track, and no person testified who saw her killed. Shortly after the mare was killed Bartell went down to the place where the accident happened, and he testified as to such physical evidences as he found there, such as the tracks of the mare, blood and hair on the rails and pieces of the rope halter which she had on her neck when she was killed. He also offered one other witness who went down to the scene of the accident shortly after it happened, and who testified as to the physical surroundings and what he saw there. The railroad company introduced a civil engineer who made a plat of the place where the accident occurred, and also the section foreman who found her after she had been struck by the train.

It is enough to say that there was at least sufficient evidence to support the finding of the trial court that the proximate cause of the accident and the killing of the plaintiff's mare was the failure of the railroad company to fence the small plat of ground referred to.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of District Judge Summers, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter, the opinion, as modified, was adopted by the court.